**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000240
31-JAN-2024
07:54 AM
Dkt. 52 SO**

NOS. CAAP-23-0000240 and CAAP-23-0000241

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-23-0000240**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
D.B., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-19-0000791)

and

**CAAP-23-0000241**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
D.B., Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161000051)

**SUMMARY DISPOSITION ORDER**
(By:  Hiraoka, Presiding Judge, Wadsworth and Nakasone, JJ.)

D.B. appeals from the orders of commitment entered by the Circuit Court of the First Circuit on February 28, 2023.[1]  We affirm both orders.

On January 13, 2016, D.B. was charged by felony information with Assault in the Second Degree, in violation of

---

[1]  The Honorable Christine E. Kuriyama presided.

Hawaii Revised Statutes (**HRS**) § 707-711(1)(a) and/or (b) and/or (d).  On May 12, 2016, the circuit court found him unfit to proceed.  Proceedings were suspended and he was committed to the Hawaiʻi State Hospital "for detention, care, and treatment for so long as such unfitness shall endure."  D.B. was also found unfit to proceed on May 17, 2018, April 22, 2019, September 1, 2020, and September 14, 2022.  The circuit court entered orders authorizing treatment over D.B.'s objection on October 10, 2018, March 3, 2020, and September 15, 2021.

On February 28, 2023, the circuit court found that D.B. was: "(1) unfit to proceed and will probably remain unfit to proceed; (2) mentally ill; (3) imminently dangerous to self and others; and (4) in need of care and treatment and there is no suitable alternative available through existing facilities and programs which would be less restrictive than hospitalization." The criminal case was dismissed under HRS § 704-406(7)(b), and D.B. was committed to the custody of the Director of Health for placement in an appropriate institution for detention, care, and treatment.

On May 24, 2019, D.B. was charged by felony information with Assault in the Second Degree, in violation of HRS § 707-711(1)(g), for allegedly assaulting a Hawaiʻi State Hospital employee.  The circuit court found him unfit to proceed on October 1, 2019, September 1, 2020, and September 13, 2022.  The circuit court entered orders authorizing treatment over D.B.'s objection on March 3, 2020, and September 3, 2021.

On February 28, 2023, the circuit court found that D.B. was: "(1) unfit to proceed and will probably remain unfit to proceed; (2) mentally ill; (3) imminently dangerous to self and others; and (4) in need of care and treatment and there is no suitable alternative available through existing facilities and programs which would be less restrictive than hospitalization." The criminal case was dismissed under HRS § 704-406(7)(b), and D.B. was committed to the custody of the Director of Health for placement in an appropriate institution for care and treatment.

2

D.B. appealed from both orders of commitment.[2]  We consolidated the appeals.

D.B. was initially committed to the Hawaiʻi State Hospital under HRS § 704-406(1).  HRS § 704-406(7) (Supp. 2016) provides, in relevant part:

> (7)   . . . Within a reasonable time following any . . . commitment under subsection (1), the director of health shall report to the court on whether the defendant presents a substantial likelihood of becoming fit to proceed in the future.  The court, in addition, may appoint a panel of three qualified examiners in felony cases . . . to make a report.  If, following the report, the court determines that the defendant probably will remain unfit to proceed, the court may dismiss the charge and:
>
> . . . .
>
> (b)   Subject to section 334-60.2 regarding involuntary hospitalization criteria, order the defendant to be committed to the custody of the director of health to be placed in an appropriate institution for detention, care, and treatment.

HRS § 334-60.2 (Supp. 2016) provides:

> **Involuntary hospitalization criteria**.  A person may be committed to a psychiatric facility for involuntary hospitalization, if the court finds:
>
> (1)   That the person is mentally ill or suffering from substance abuse;
>
> (2)   That the person is imminently dangerous to self or others; and
>
> (3)   That the person is in need of care or treatment, or both, and there is no suitable alternative available through existing facilities and programs which would be less restrictive than hospitalization.

D.B. does not contest the first criterion — that he is mentally ill.  But he argues that the circuit court erred by finding he was imminently dangerous to himself or others, and that there was no suitable alternative available through existing facilities and programs that would be less restrictive than

---

[2]   D.B. does not challenge the circuit court's determinations that he was unfit to proceed in his criminal cases.

hospitalization.  Those criteria must be established by "clear and convincing evidence[.]"  HRS § 334-60.5(j) (2022); In re JK, 149 Hawaiʻi 400, 404, 491 P.3d 1179, 1183 (App. 2021).

"Clear and convincing evidence" is:

> an intermediate standard of proof greater than a preponderance of the evidence, but less than proof beyond a reasonable doubt required in criminal cases.  It is that degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established, and requires the existence of a fact be highly probable.

In re JK, 149 Hawaiʻi at 409, 491 P.3d at 1188 (quoting Masaki v. Gen. Motors Corp., 71 Haw. 1, 15, 780 P.2d 566, 574 (1989)).

When we review whether a fact has been proved by clear and convincing evidence, we look to see whether the record contains substantial evidence from which a reasonable factfinder could have found it highly probable that the fact was true.  In re JK, 149 Hawaiʻi at 409, 491 P.3d at 1188.  We must view the record in the light most favorable to the prevailing party below and give deference to how the trier of fact may have evaluated the credibility of witnesses, resolved conflicts in the evidence, and drawn reasonable inferences from the evidence.  Id. at 409-10, 491 P.3d at 1188-89.  We do not reweigh the evidence; we must accept the factfinder's resolution of conflicting evidence, and we may not evaluate witness credibility.  Id. at 410, 491 P.3d at 1189.  The question is not whether we find the evidence clear and convincing; it is whether a reasonable trier of fact could have regarded the evidence as satisfying that standard of proof.  Id.

**(1)**  The circuit court found that D.B. was imminently dangerous to himself or others based primarily on reports written by Nikita **Hay**, Psy.D., Duke E. **Wagner**, Ph.D., and Martin **Blinder**, M.D.  D.B. argues that Dr. Blinder opined he wasn't dangerous.  Dr. Blinder examined D.B. on February 8, 2023.  Six days later, D.B. assaulted another Hawaiʻi State Hospital patient, and had to be placed in mechanical restraints.

Dr. Hay (a psychologist with the state Department of Health) reported the assault, which happened the day she examined D.B. She opined that D.B. presented a high risk of harm to others, himself, and property, and was likely to be physically violent toward others if discharged into the community, with or without treatment services.

Dr. Wagner noted that D.B. regularly showed poor judgment and threatening and aggressive behavior, seemed to have little respect for normative behavior within a social context, violated the boundaries of others, and wasn't capable of self-managing his medication or overall treatment needs. Dr. Wagner opined that D.B.'s risk of danger to himself, others, and property would increase to high if he was released into the community.

Both Dr. Hay and Dr. Wagner recommended that D.B. continue to be committed to the Hawaiʻi State Hospital. The circuit court also took judicial notice of the record in both of D.B.'s cases. The records include many reports from D.B.'s examiners and care providers including Jane Caplan, M.D., Aubrey Pat Chambers, M.D., Arif Husain, M.D., Barrett Levine, M.D., Kenneth Luke, M.D., Khalid Memon, M.D., Rhodelynn Ramos, M.D., Richard Rovin, M.D., Elena Sharipova, M.D., and Melissa Vargo, Psy.D. The records also contain the orders authorizing treatment over D.B.'s objection. This was all substantial evidence from which a reasonable factfinder could have found it highly probable that D.B. was imminently dangerous to himself and others.

**(2)** D.B. did not argue about alternatives to continued hospitalization during the circuit court hearing. He argues we should recognize plain error. But he stated to the circuit court that he did not contest Dr. Hay's and Dr. Wagner's reports, which recommended continued commitment to the Hawaiʻi State Hospital. Under these circumstances, we decline to recognize plain error. See In re JK, 149 Hawaiʻi at 406-07, 491 P.3d at 1185-86 (noting that plain error will not be recognized if consideration of the

5

issue not raised requires additional facts, or its resolution will affect the integrity of the trial court's findings of fact).

For these reasons, the "Order[s] of Dismissal and Commitment" entered by the circuit court on February 28, 2023, are affirmed.

DATED:  Honolulu, Hawai'i, January 31, 2024.

On the briefs:

Lars Robert Isaacson,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge